# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

NORIANNIS EGLIANY PENA REBOLLEDO,          )
                                           )
                                           )
         Petitioner,                       )
                                           )
v.                                         )          Case No. CIV-26-959-SLP
                                           )
FRED FIGUEROA, et al.,                     )
                                           )
         Respondents.                      )

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 11], and the matter is at issue. For the reasons that follow, the Court GRANTS, in part, the Petition.

Petitioner is a citizen of Venezuela. On January 14, 2025, she entered the United States, where Petitioner presented herself to immigration authorities at a United States designated port of entry near San Ysidro, California. That same day, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and charged her with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i). Again on January 14, 2025, Petitioner was then released on parole pursuant to 8 U.S.C. § 1182(d)(5). Petitioner's parole was valid until April 18, 2025.

Petitioner was detained by ICE on January 21, 2026 while appearing at a scheduled check-in with ICE. Petitioner was detained at Diamondback Correctional Facility in Watonga, Oklahoma at the time her Petition was filed. Petitioner file an Application for

Asylum and for Withholding of Removal (Application) on April 14, 2026. An Immigration Judge denied the Application on May 6, 2026 and ordered Petitioner to be removed. Petitioner filed an appeal of her removal order on June 3, 2026, which remains pending before the Board of Immigration Appeals. Petitioner has been continuously detained without bond since her arrest pursuant to the detention provisions set forth in 8 U.S.C. § 1225(b)(1).

On April 29, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of her due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b) does not apply. Additionally, Petitioner claims her due process rights were violated due to Respondents' failure to provide notice and an individualized custody determination prior to her re-detention. As relief, Petitioner seeks release from custody.

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to immediately release Petitioner on the basis that Respondents did not comply with the applicable regulations prior to revocation of Petitioner's parole.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1) upon expiration of her parole. The Court has previously found that § 1225(b)(1) doesn't apply in circumstances where the noncitizen has resided in the United States before their parole under § 1182(d)(5) is revoked. *See Uulu v. Gantt*, No. CIV-26-611-SLP, 2026 WL 2138028, at *1 (W.D. Okla. July 24, 2026); *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *see also Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (finding

2

revocation of parole does not return petitioner to their prior status at border).  The Court's finding of the inapplicability of § 1225(b) to Petitioner's circumstances is consistent with decisions within this judicial district and across the country.  *See*, *e.g.*, *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL 864237, at **5-6 (D. Colo. Mar. 30, 2026); *Flores v. Leyva*, No. 4:26-cv-00060-DN-PK, 2026 WL 1830958, at **8-10 (D. Utah June 25, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *6 (S.D.N.Y. April 3, 2026). The Court finds Respondents' position unpersuasive.[1]

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court finds Petitioner's detention is governed by §1226(a).[2]  *See*

---

[1] Additionality, the Court has previously found the Tenth Circuit authority relied upon by Respondents is distinguishable and does not apply to circumstances similar to Petitioner's.  *See Drozdov*, 2026 WL 1470929, at *2 (rejecting applicability of *Baca-Prieto v. Guigni*); *Uulu*, 2026 WL 2138028, at *1, n. 1 (rejecting applicability of *Sierra v. INS*).  Similarly, the Court finds that the Supreme Court's decisions in *Kaplan v. Tod*, 267 U.S. 228 (1925) and *Leng May Ma v. Baber*, 357 U.S. 185 (1958) are distinguishable.  The decisions were issued significantly prior to the enactment of the Illegal Immigration Reform and Nationality Act of 1996.  Furthermore, these decisions do not discuss the effect of termination of parole under § 1182(d)(5) nor detention under § 1225(b)(1).

[2] The Tenth Circuit recently held that 8 U.S.C. § 1225(b)(2) does not apply to "noncitizens who entered the United States and were thereafter detained in the interior of the country."  *Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *5 (10th Cir. June 30, 2026) (mandate pending).  Pointedly, the Tenth Circuit did not reach the issue of whether such individuals arrested in the interior of the country could be subject to detention under § 1225(b)(1)(A).  *See id*. at *5, n. 6.  However, as discussed above, the Court has previously found in circumstances similar to Petitioner that an immigration detainee is not subject to mandatory detention under § 1225(b)(1), rather, that they are subject to the provisions of § 1226(a).

*Drozdov*, 2026 WL 1470929, at 3 (finding the same); *Singh*, 2026 WL 1661971, at *3 (same). Accordingly, Petitioner is entitled to an individualized bond hearing.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED to the extent it finds § 1225(b)(1) to be inapplicable to Petitioner's detention.

IT IS FURTHER ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if she has not received a lawful bond hearing within that period. [4]

A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of July, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner requested in her Petition her release from custody. *See* Pet. [Doc. No. 1] at 12. Because the Court is limiting relief to Petitioner's statutory claim, the Court finds that the proper remedy is a bond hearing. *See, e.g., Orozali Uulu v. Gantt*, No. CIV-26-611, 2026 WL 2138028, at *2 (W.D. Okla. July 24, 2026); *Zhakhonov*, 2026 WL 1865418, at *3.

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address her remaining claims.